IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER BLANDON | ) | CASE NO.  4:10CV2161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| PAUL J. GAINS, et. al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Alexander Blandon, incarcerated in the Richland Correctional Institution, Mansfield, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Paul J. Gains, Mahoning County, Ohio Prosecutor, Judge James C. Evans, Mahoning County Common Pleas Court Judge and Youngstown, Ohio Police Officer Kenneth Blair. Also before the Court, is Plaintiff's Motion for Assistance of Counsel.  Doc 3.  Blandon alleges that his current prison sentence was increased by a previous unrelated conviction that was reversed by the Ohio Court of Appeals in *State of Ohio v. Blandon*, 2008 WL 650772 (Ohio App., 7th Dist. Mar. 7, 2008).  Judge Evans allegedly violated Blandon's due process and equal protection rights by not scheduling a hearing to give finality to his previous conviction that should have been expunged. Prosecutor Gains allegedly failed to notify Judge Evans that Blandon's case was reversed. There are no facts in the Complaint pertaining to Officer Blair. Plaintiff seeks to have reference to his prior conviction expunged, an order requiring the Ohio Department of Rehabilitation and Correction to remove all reference of him from its files, and $6,000.000.00 in compensatory and $4,000.000.00 in punitive damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As noted above, there are no factual allegations against Officer Blair. Accordingly, the complaint, as to the officer, fails to state a claim and must be dismissed.

It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). No facts have been alleged that reasonably suggest that Judge Evans acted outside the scope of his official duties. Judge Evans definitively acted within the scope of his official duties in presiding over Plaintiff's court case. Accordingly, any suit against Judge Evans under these facts is barred by immunity.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the

Complaint that Prosecutor Gains acted outside of the scope of his responsibilities.   As such, the claims against him are also barred by immunity.

Furthermore, the allegations set forth in the Complaint clearly challenge the validity of Plaintiff's current conviction and resulting confinement in an Ohio penal institution.  The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Brooks v. McQuiggin,* 2010 WL 432250 * 3 (W.D.Mich., Jan. 26, 2010) (habeas corpus is the appropriate remedy for state prisoners challenging the validity of the fact or length of their confinement). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.   For that additional reason, Plaintiff's complaint must be dismissed.

Accordingly, Plaintiff's Motion for Assistance of Counsel is DENIED. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


Date:   November 29, 2010                     */s/ John R. Adams*
                                              JUDGE JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE

3